## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

DANIEL D. FINK, individually and as
Personal Representative of the Estate of
CALEB D. FINK, deceased, for the
benefit of his survivors and the Estate,

            Plaintiff,              Case No.: _____

vs.

ALACHUA COUNTY SHERIFF'S OFFICE, WELLPATH, LLC a
foreign limited liability company NURSES JANE DOES
and NURSES JOHN DOES 1-10, individually and as employees
of WELLPATH, LLC, CLOVIS WATSON JR., in his official capacity as
Sheriff of ALACHUA
County, Florida; MAJOR ROBERT STAFFORD, in his supervisor
role as jail director; and DEPUTIES JOHN and
DEPUTIES MARY DOES 1-10, individually and as an employee
or agent of the ALACHUA County Sheriff's Office,

            Defendants.

_____/

## **COMPLAINT**

      COMES NOW, the Plaintiff, DANIEL D. FINK, as Personal

Representative of the Estate of CALEB D. FINK, deceased, by and

through her undersigned counsel and hereby sues Defendants,

WELLPATH, LLC f/k/a WELLPATH, LLC and a/f/k/a PRISON

1

HEALTH SERVICES, INC.;  NURSES JANE DOES and NURSES

JOHN DOES 1-10[1],  individually and as employees of WELLPATH

HEALTH, INC.;  CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a

YESCARE;  CLOVIS WATSON JR., in his official capacity as Sheriff of

ALACHUA County, Florida; MAJOR ROBERT STAFFORD, in his

supervisor role as jail director;  DEPUTIES JOHN DOES and

DEPUTIES MARY DOES 1-10[2],  individually and as an employee or

agent of the ALACHUA County Sheriff's Office; an states:

## INTRODUCTORY STATEMENT

1. On September 20, 2022, CALEB FINK ("Mr. FINK" or "FINK") was found dead in his jail cell at ALACHUA County Jail.

2. Prior to his death, Mr. FINK had at least one prior instance of suicidal ideation.

3. Rather than evaluate Mr. FINK for potential suicide risk and/or place Mr. FINK on suicide watch, he was placed in cell in general population with two other individuals.

4. Mr. FINK committed suicide by hanging himself with a sheet in his cell.

---

[1] Defendant Nurses are listed as Jane and John Does as Plaintiff is not yet aware of their names and upon learning of their names, the Complaint will be amended to list their names.
[2] Defendant Deputies are listed as Jane and John Does as Plaintiff is not yet aware of their names and upon learning of their names, the Complaint will be amended to list their names.

5. Mr. FINK was not properly monitored and did not receive even the most basic and necessary medical assessments and treatment.

6. Consistent with established policies, practices and/or customs, Defendants failed to provide Mr. FINK with adequate and timely medical or psychiatric care and failed to take other measures to protect Mr. FINK from physical harm, in deliberate indifference to his health and safety.

7. Defendants showed a complete disregard and deliberate indifference to Mr. FINK's mental health needs.

## JURISDICTION AND VENUE

8. This is a civil action seeking damages in excess of $50,000.00 USD, exclusive of costs, interest, and attorneys' fees.

9. Plaintiff has fully complied with all condition's precedent prior to bringing this action; including, but not limited to, Section 768.28 and Chapter 766, Florida Statutes.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, which are brought under §768.16, et seq., Fla. Stats. (Florida's Wrongful Death Act),

10. Venue is proper in the Middle District of Florida, where this case is filed, given that Defendant, WELLPATH, LLC has substantial contacts, contractual obligations, individuals and employees work in

ALACHUA County, Florida and Defendant, WELLPATH Health of Florida, LLC derives a substantial benefit therefrom, and all defendants are either residents, work and their acts or omissions occurred in ALACHUA County, Florida.

## CONDITIONS PRECEDENT

11. Prior to the filing of this Complaint, all the above-named Defendants have been served notice of this claim pursuant to Florida Statute, Chapter 768.28, via Certified Mail, Return Receipt Requested.

12. Letters of Administration were issued by ALACHUA County Circuit Judge Mark W. Moseley on February 21, 2023, under Case no. 01-2023-CP-000304

## PARTIES

13. The Plaintiff, DANIEL D. FINK is the Personal Representative of the Estate of CALEB D. FINK, deceased, ("FINK"). He is a resident of ALACHUA County, Florida, sui juris, and for the sake of clarity will heretofore be referred to only as "PLAINTIFF."

14. At all times material hereto, CALEB D. FINK, deceased, was an adult resident of Gainesville, ALACHUA County, Florida.

15. The Defendant, WELLPATH, LLC ("WELLPATH"), is a Limited Liability Company with a principal address of 3340 Perimeter Hill Rd., Nashville, TN 37211. During all times material, WELLPATH was contracted to provide health services to people detained and/or incarcerated within the correctional facility located at or near 3333 NE 39th Ave, Gainesville, FL 32609 ("ALACHUA DEPARTMENT OF THE JAIL").

16. The Defendant NURSES JANE DOES, and NURSES JOHN DOES 1-10, ("NURSES JANE and JOHN DOES 1-10) are individuals who are sui juris, were, at all times material, nurses employed by WELLPATH and worked at the ALACHUA DEPARTMENT OF THE JAIL. Based on information and belief, "NURSES JANE and JOHN DOES 1-10 are and were at all times material herein residents of ALACHUA County, Florida.

17. The Defendant, ALACHUA County Sheriff's Office ("ACSO")., is material a county law enforcement agency organized under the Florida Constitution and operating in Alachua County Florida.

18. The Defendant, CLOVIS WATSON JR. ("SHERIFF WATSON JR."), an individual who is sui juris, is a constitutional officer and the

Sheriff of the ACSO This suit is being brought against him in his official capacity as Sheriff.

19. At all times material hereto, SHERIFF WATSON JR., was the elected sheriff of ALACHUA County, Florida and is being sued in his official capacity.

20. At all times material hereto, Defendant, SHERIFF WATSON JR., was the lawful Sheriff of ALACHUA County, Florida and, through the ACSO and its employees and agents, was the Sheriff of a duly authorized agency, with the ability to sue and be sued, residing in ALACHUA County, Florida.

21. At all times material hereto, Defendant, SHERIFF WATSON JR., was responsible for the administration, operation, and supervision of the ALACHUA County Jail/Detention system and facilities, including the ALACHUA DEPARTMENT OF THE JAIL, and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto, who was acting under color of law. Defendant, SHERIFF WATSON JR., is sued in his official capacity.

22. The Defendant, MAJOR ROBERT STAFFORD, ("MAJOR STAFFORD"), anindividual who is sui juris and holds a supervisor role as jail director and was also responsible for the administration, operation, and supervision of the ALACHUA County Jail/Detention system and facilities, including the ALACHUA DEPARTMENT OF THE JAIL, and for the promulgation, enforcement and review of rules, regulations, policies, customs, and practices relevant thereto, who was acting under color of law. This suit is being brought against him in his supervisor role as jail director.

23. The Defendant DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10, ("DEPUTIES JOHN and MARY DOES 1-10") are individuals who are sui juris, were, at all times material, deputies, correctional officers employed by SHERIFF WATSON JR. and worked at the ALACHUA DEPARTMENT OF THE JAIL. Based on information and belief, "DEPUTIES JOHN and MARY DOES 1-10 are and were at all times material herein residents of ALACHUA County, Florida.

## FACTUAL ALLEGATIONS

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

25. Defendants were aware of Mr. Fink's suicidal tendencies, serious psychological problems in advance of his untimely death on September 20, 2022.

26. Mr. FINK was arrested on September 26, 2020, for allegedly driving under the influence of alcohol.

27. Defendant, SHERIFF WATSON JR., ALACHUA COUNTY SHERIFF'S OFFICE, and/or MAJOR STAFFORD operated, maintained and/or controlled the ALACHUA County Jail at which CALEB D. FINK, was in custody serving a sentence of 110 days for which he was given credit for 50-days time-served.

28. From the time FINK entered the ALACHUA DEPARTMENT OF THE JAIL, he was under the exclusive custody, control and care of Defendants ACSO, SHERIFF WATSON JR., and MAJOR STAFFORD, including the employees, agents and subcontractors of the ALACHUA County Sheriff's Office.

29. Mr. FINK was previously incarcerated in ALACHUA County jail on numerous occasions.

30. During Mr. FINK's most recent incarceration, Mr. FINK completed a classification interview. The screening revealed that Mr. Fink had prior mental health diagnoses of Explosive Disorder, Bipolar, Depression, and Aspergers.

31. The screening also revealed drug and alcohol concerns as Mr. FINK advised that blacked out from alcohol and K2.

32. Defendants ACSO, SHERIFF WATSON JR., MAJOR STAFFORD, ad WELLPATH at all times relevant hereto in possession of Mr. FINK's Medical records.

33. Defendants were at all times relevant hereto able to electronically perform a search of Mr. FINK's Medical and screening Records, in seconds, to locate certain keywords and diagnostics within Mr. FINK's file.

34. This sort of search would come at little to no cost in time or money to defendants.

35. Defendants were aware of the heightened risk of suicide when individuals who have had alcohol and drug concerns and mental health diagnoses such as the ones displayed by Mr. FINK.

36. Based on Mr. FINK's previous mental health diagnoses, drug and alcohol concerns, Defendants knew that there was a strong likelihood that self-infliction of harm will occur;.

37. Mr. FINK's previous previous mental health diagnoses, drug and alcohol concerns,,the lack of monitoring or visual checks by Defendant ALACHUA County Sheriff's Office, the failure to take proper intake measures by Defendant WELLPATH, the failure to implement proper policies or procedures by Defendants WATSON JR./WELLPATH/ALACHUA County Sheriff's Office/Defendants' employees, created a strong likelihood that Mr. FINK would inflict harm on himself.

38. WELLPATH nurses and medical staff and ACSO staff could clearly see that FINK was exhibiting serious physical and mental health issues upon entering the ALACHUA County Jail facility.

39. Despite his previous mental health diagnoses, Defendant's WELLPATH NURSES 1-10 failed to evaluate Mr. FINK for suicide risks during his incarceration.

40. Furthermore, Despite his mental health diagnoses, Defendant ACSO still provided Plaintiff with multiple objects with which he could commit suicide, including, but not limited to, a bed sheet.

FINK'S physical and emotional symptoms were so severe that even a lay person would seek at a bare minimum to get FINK the desperate help he needed.

41. Defendants made no attempt to secure any mental health treatment for Mr. FINK.

46. WELLPATH nurses despite having FINK'S prior medical records available which showed FINK had a history at the ALACHUA County Jail which clearly showed FINK'S mental health diagnoses with FINK'S demonstrating visible signs of physical and emotional meltdown went entirely unaddressed by WELLPATH NURSES 1-10.

42. Instead, the Defendants had knowledge of and disregarded the known, obvious, and excessive risks to Mr. FINK's health and safety and housed him in a cell in solitary confinement rather than evaluating him for suicide risks.

43. Once Mr. FINK was housed in his cell, Defendants failed to do an adequate inspection, observation, or walkthrough to ensure the safety of Mr. FINK.

44. Mr. FINK was unsupervised for enough time to tie a sheet around his bed, and around his neck and commit suicide.

45. Mr.FINK was found unconscious on the morning of September 20, 2022,.

46. From the moment Mr. FINK was arrested and presented at ALACHUA County Jail, Mr. FINK posed an obvious, known and substantial risk of self-harm. At all relevant times, Mr. FINK had obvious, serious and emergent mental health needs.

47. Defendants deliberate indifference to Mr. FINK's serious medical needs was in furtherance of and consistent with: (a) policies which Sheriff WATSON JR., MAJOR STAFFORD, and/or WELLPATH promulgated, created, implemented or possessed responsibility for the continued operation of; (b) policies which ALACHUA County Sheriff's Office/WELLPATH/ had responsibility for implementing and which ACSO/WELLPATH assisted in developing; and (c) established procedures, customs and/or patterns and practices.

48. First, Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH failed to promulgate and implement, and knowingly failed to enforce, adequate mental health policies responsive to the serious medical needs of inmates like Mr. FINK. In particular, during all times pertinent, there were no guidelines, or wholly inadequate guidelines, in place as to the standard of care specific to inmates' mental health needs. It is common knowledge that mental illness is prevalent in our jails and prisons. For instance, in 2006, the United States Bureau of Justice Statistics found that the rate of reported mental health disorders in the state prison population is five times greater (56.2%) than in the general adult population (11%). It is vital that jails and prisons have policies in place establishing the standard of care for nurses and medical staff to follow in order to address this crisis.

49. Second, Defendants WATSON JR., ACSO, STAFFORD and WELLPATH have maintained a policy, practice and/or custom of providing untimely assessment, identification and treatment of inmates' medical and mental health needs, in disregard of known,

obvious and excessive risks to the health and safety of inmates like Mr. FINK.

50. Third, Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH have maintained a policy, practice and/or custom of understaffing the jail and medical unit, which poses known, obvious and excessive risks to the health and safety of inmates like Mr. FINK. For instance, SHERIFF WATSON JR. wrote a letter to Alachua County acknowledging that he is 100 employees short of the 354 positions available.[3] In reaction to the shortage MAJOR STAFFORD said "I'm afraid for the employees, I'm concerned for the inmates in the jail…"[4]

51. Fourth, Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH are responsible for a policy, practice or custom of inadequate medical triage screening that fails to identity and classify inmates with serious medical or mental health needs. The inadequate medical triage screening system creates known,

---

[3] Heather Bushman, *Data shows the Alachua County Jail is 'severely' understaffed. Employees forced to work overtime.* The Gainesville Sun (Feb. 3, 2023), https://www.gainesville.com/story/news/local/2023/02/03/data-from-alachua-county-sheriff-shows-jail-is-understaffed/69861681007/

[4] *Id.*

obvious and excessive risks that inmates like Mr. FINK with serious and emergent mental health or medical needs will not receive timely and necessary evaluation or treatment.

52. Fifth, Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH have maintained a policy, practice and/or custom of severely limiting the use of off-site medical, mental health and diagnostic service providers, even in emergent situations, in disregard to known, obvious and excessive risks to the health and safety of inmates like Mr. FINK. Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH have strongly discouraged their employees and agents from sending inmates to any hospital or other off-site medical, mental health or diagnostic service providers. By severely curtailing the use of off- site medical, mental health or diagnostic service providers, Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH assure that inmates with specialized and serious medical, mental health and diagnostic needs that cannot be adequately assessed or treated on-site, like Mr. FINK, will simply not receive the care they need.

53. Sixth, Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH have failed to adequately train Jail personnel and staff with respect to the proper assessment, classification, and treatment of inmates with serious mental health needs and/or head trauma. This failure to train constitutes deliberate indifference to the health and safety of inmates like Mr. FINK.

54. It is clear that Defendants were not properly trained in dealing with potential suicides and that Defendants' policies were inappropriate.

55. Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH and have been, on notice that their policies, practices and/or customs are inadequate to meet the medical and mental health needs of inmates like Mr. FINK. Nonetheless, Defendants WATSON JR., ALACHUA County Sheriff's Office, and WELLPATH have failed to reform those policies, practices and/or customs.

## CLAIMS FOR RELEIF

### COUNT I
### MEDICAL NEGLIGENCE AGAINST WELLPATH (DIRECT AND VICARIOUS LIABILITY)

56. Plaintiff re-alleges paragraphs 1 through 57 by reference as if fully rewritten herein and further states

57.  Defendant, WELLPATH, is directly liable and vicariously liable for the negligence of agents, servants, and employees committed during the course and scope of their employment with WELLPATH.

58. At all times pertinent hereto, NURSES 1-10  and others were an agent, servant or employee of WELLPATH acting with the course and scope of their employment.

59.  At all times pertinent hereto, Defendant WELLPATH and its agents, servants, and employees who provided health care services to FINK had a duty to use that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonable health care providers.

62. Defendant WELLPATH and its agents, servants, and employees who provided health care services to Plaintiff breached their duty with gROBERT negligence. Such breaches of duty included, but not limited to, the following:

a.      Failing to maintain CALEB D. FINK on constant watch;

b.      Failing to maintain CALEB D. FINK on close supervision;

c.     Failing to adequately screen and assess CALEB D. FINK for risk of suicide or self-harm;

d.     Failing to train and supervise health care personnel to ensure that proper screening and assessments of inmates at risk for suicide were performed;

e.     Failing to provide and staff the jail with adequately trained and licensed mental health staff including psychologists and psychiatrists;

f.     Failing to ensure the mental health screenings were only performed by properly trained and licensed staff or contractors;

g.     Failing to follow ALACHUA County's and WELLPATH'S policies and procedures pertaining to suicide prevention;

h.     Failing to provide CALEB D. FINK with all prescribed psychiatric medications;

i.     Failing to adopt and implement adequate policies and procedures for the prevention of inmate suicide;

j. Failing to provide medical care reasonably needed by inmates under their care in order to maximize profits under the contract with ALACHUA County;

k. Failing to have an appropriate mental health step down unit to provide mental health follow up for CALEB D. FINK in the infirmary, despite recognition for the need to do so;

l. Failing to recognize signs of mental instability and/or significant change in mental status or condition;

m. Failing to have a qualified mental health physician on staff to accommodate the medical needs of CALEB D. FINK in an effort to cut costs and increase profit;

o. Failing to properly staff the medical and mental health wing so as to increase profits; and

p. Failing to comply with Florida Model Jail Standards pertaining to the prevention of inmate suicide.

60. Defendant WELLPATH's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of CALEB D. FINK.

61. The officers, directors, or manages of WELLPATH knowingly condoned, ratified, or consented to such conduct in that they intentionally understaff the ALACHUA County Jail and others in a manner that endangers the lives and safety of the inmate population so as to increase profitability at the expense of the inmate safety.

62. As a direct consequence and proximate result of the gROBERT negligence of Defendant WELLPATH, CALEB D. FINK suffered untimely and preventable death.

WHEREFORE, the Plaintiff, DANIEL D. FINK in her capacity as Personal Representative of the Estate of CALEB D. FINK, demands judgment against Defendant WELLPATH for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), plus costs and other relief this Court deems appropriate and demands a trial by jury.

## COUNT II-NEGLIGENCE CLAIM AGAINST NURSE JANE AND JOHN DOES 1-10

63. Plaintiff re-alleges paragraphs 1 through 64 by reference as if fully rewritten herein and further states:

64. Defendants, NURSE JANE AND JOHN DOES 1-10, owed a duty of care to CALEB D. FINK to ensure his mental health needs were

attended to during his incarceration at the ALACHUA County Jail. All acts taken by NURSE JANE AND JOHN DOES 1-10 occurred during the course and scope of her employment with WELLPATH.

65. NURSE JANE AND JOHN DOES 1-10 breached this duty of care in failing to ensure that CALEB D. FINK's mental health needs were met and that there was appropriate mental health follow up of CALEB D. FINK after his being placed in his cell at the ALACHUA County Jail.

66. As a direct and proximate result of this breach, CALEB D. FINK sustained injuries.

WHEREFORE, the Plaintiff, DANIEL D. FINK in her capacity as Personal Representative of the Estate of CALEB D. FINK, demands judgment against Defendant WELLPATH NURSE JANE AND JOHN DOES 1-for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00), plus costs and other relief this Court deems appropriate and demands a trial by jury.

## COUNT III

**VIOLATION OF 42 U.S.C. § 1983 AGAINST ACSO, WELLPATH, LLC.; NURSES JANE DOES and NURSES JOHN DOES 1-10,; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County,**

**Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; MAJOR ROBERT STAFFORD, in his supervisor role as jail director;**

**FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL AND MENTAL HEALTH NEEDS IN VIOLATION OF FOURTEENTH AMENDMENT**

---

67. Plaintiff restates and incorporates paragraphs 1 through 68 by reference as if fully rewritten herein and further states.

68. This action is brought against Defendants ACSO, WELLPATH, LLC; NURSES JANE DOES and NURSES JOHN DOES 1-10, CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; individually; MAJOR ROBERT STAFFORD, in his supervisor role as jail director, pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of deceased, CALEB D. FINK, an individual suffering from obvious and known acute medical and mental health conditions that required appropriate care, treatment, assessment, intervention, referral, medication, and attention to prevent substantial physical and mental health

deterioration and self-injurious conduct which led to his untimely death.

69. At all times relevant, CALEB D. FINK's, obvious and known mental health and medical conditions required he receive special attention and care and not be subjected to being isolated in a cell without medical or mental health intervention.

70. Defendants ACSO; WELLPATH, LLC; NURSES JANE DOES and NURSES JOHN DOES 1-10; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; individually; MAJOR ROBERT STAFFORD, in his supervisor role as jail director, were informed, knew, or should have known, that while in the custody of ALACHUA County at the ALACHUA County Jail, deceased, CALEB D. FINK, was had prior mental health concerns, depressed, suicidal and in need of prescribed psychiatric medications. Defendants knew or should have known he had been in ALACHUA County Jail previously and had been identified as suffering inter alia, Suicide Ideation; Hallucinations; Command Type Paranoia; Delusional Ideation; depression, bipolar disorder, and suffered as an

alcoholic with depressive disorder; anxiety disorder; Impulse Control disorder. Defendants knew or should have known CALEB D. FINK was suicidal, a threat to himself and required treatment with psychotropic medications to conform his behavior to the requirements of the law and to not pose a threat to himself. Defendants knew or should have known that if left untreated that CALEB D. FINK was likely to act out and/or harm himself based upon his history both within the jail and from his medical history outside of the jail which the Defendants knew or should have known about.

71. Despite knowledge of CALEB D. FINK's serious medical and mental health conditions and needs, the Defendants ACSO, WELLPATH, LLC; NURSES JANE DOES and NURSES JOHN DOES 1-10; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; individually; MAJOR ROBERT STAFFORD, in his supervisor role as jail director, failed and/or refused, with deliberate indifference to CALEB D. FINK's rights and serious medical and mental health needs, including but not limited

to: properly assess and/or evaluate CALEB D. FINK's serious medical and mental health conditions/symptoms, and failed and/or refused, with deliberate indifference to address CALEB D. FINK's rights and serious medical and mental health needs; failed to properly respond to threats of self-harm, identify and treat his significant mental health diagnosis which were known to the Defendants, failed to provide any mental health instead placed CALEB D. FINK in an isolated cell despite his known high propensity to harm himself and failed to observe him in accordance with jail standards for obvious serious signs of physical and emotional symptoms' which ultimately led to his suicide. These Defendants failed to recognize and act upon obvious manifestations of CALEB D. FINK's mental illness and instead allowed him to be unattended and unobserved while he was unable to conform his conduct or actions to the requirements of the law; failed to re-classify CALEB D. FINK within the ALACHUA County Jail, so that he would receive timely and adequate access to and delivery of necessary prescription medications and medical and mental health evaluation,

assessment, care, intervention, referral, and treatment after making statements or gestures about self-harm.

72. Defendants ACSO; WELLPATH, LLC f; NURSES JANE DOES and NURSES JOHN DOES 1-10, CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; individually; MAJOR ROBERT STAFFORD, in his supervisor role as jail director, knew, or should have known, that taking no action and/or using the types and amount of isolation and non-observance under the history and totality of circumstances as described herein and/or authorizing and/or acquiescing in the isolation and non-observance under the history and totality of circumstances as described herein concerning the welfare of CALEB D. FINK, could and would result in the rapid and permanent deterioration of CALEB D. FINK's physical and mental health.

73. As a direct and proximate result of the conduct of Defendants ACSO, WELLPATH, LLC; NURSES JANE DOES and NURSES JOHN DOES 1-10, YESCARE, ?; CLOVIS WATSON JR., in his official capacity as

Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; individually; MAJOR ROBERT STAFFORD, in his supervisor role as jail director, in denying CALEB D. FINK necessary medical and mental health assessment, evaluation, care, intervention, referral, medication and treatment, deceased, CALEB D. FINK was forced to endure and suffered extreme physical, mental, and emotional pain and suffering, injury, and an untimely death.

74. As a direct and proximate result of the conduct of Defendants ACSO; WELLPATH, LLC; NURSES JANE DOES and NURSES JOHN DOES 1-10, CHS FL, LLC d/b/a YESCARE; CHS TX, INC. d/b/a YESCARE; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; individually; MAJOR ROBERT STAFFORD, in his supervisor role as jail director, in denying CALEB D. FINK necessary medical and mental health assessment, evaluation, care, intervention, referral, medication and treatment, which resulted in his untimely preventable death .

WHEREFORE, the Plaintiff, DANIEL D. FINK in her capacity as Personal Representative of the Estate of CALEB D. FINK, demands judgment against Defendants ACSO, WELLPATH, LLC; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; individually; MAJOR ROBERT STAFFORD, in his supervisor role as jail director, jointly and severally, for:

a) demands judgment against each Defendant for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

b) Punitive damages against all Defendants excluding Sheriff WATSON JR. in an amount that will serve to adequately punish and deter the conduct alleged herein;

c) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d) All such other relief which the Court deems appropriate, and

e) Demands a trial by jury.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS SHERIFF CLOVIS WATSON JR. AND WELLPATH FOR CUSTOM, POLICY, OR PRACTICE CAUSING CONSTITUTIONAL VIOLATIONS

75. Plaintiff restates and incorporates paragraphs 1 through 76 by reference as if fully rewritten herein.

76. At all times relevant, Defendants SHERIFF CLOVIS WATSON JR. and WELLPATH, and each of them separately, promulgated and maintained a de facto unconstitutional custom, policy,  or practice of permitting, ignoring, and condoning and/or encouraging officers, deputies, nurses, physicians, medical and mental health personnel, and other employees and agents to deny inmates necessary medical and mental health assessment, evaluation, care, intervention, referral, medication and treatment, forcing them to endure and suffered extreme physical, mental, and emotional pain and suffering, injury, and in the instant matter the untimely death of the deceased, CALEB D. FINK .   These customs, policies and/or practices were the direct and proximate cause of the Constitutional violations visited upon, and the injuries of the deceased, CALEB D. FINK and each of Defendants, SHERIFF CLOVIS WATSON JR. and WELLPATH acting in accordance with these customs, policies, or practices used are exceedingly unreasonable, outrageous, and impermissible to an mentally unstable and physically exhausted inmate in desperate need

of assessment, observation and treatment absent which shocks the conscience and offends traditional notions of decency.

WHEREFORE, the Plaintiff, DANIEL D. FINK in her capacity as Personal Representative of the Estate of CALEB D. FINK, demands judgment against Defendants WELLPATH; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida, jointly and severally, for:

a)     demands judgment against each Defendant for compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

b)     Punitive damages against all Defendants excluding Sheriff WATSON JR. in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)     All such other relief which the Court deems appropriate, and

e)     Demands a trial by jury.

## COUNT V
## WRONGFUL DEATH

**AGAINST ACSO, WELLPATH, LLC NURSES JANE DOES and NURSES JOHN DOES 1-10,;  CLOVIS WATSON JR., in his official**

**capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; MAJOR ROBERT STAFFORD, in his supervisor role as jail director;**

77. Plaintiff restates and incorporates paragraphs 1 through 78 by reference as if fully rewritten herein.

78. This count sets forth claims against the Individual Defendants for wrongful death, brought under §768.16-768.21, et seq., Fla. Stats. This count is pled in the alternative, and for purposes of this count, at pertinent times the Individual Defendants were acting outside the scope of their employment by Defendant ACSP and Defendant Sheriff WATSON JR. and WELLPATH.

79. The Individual Defendants caused the death of CALEB D. FINK, intentionally, maliciously, by failing to address critical physical and mental health needs as simple as assessing, treating, placing the deceased in a medical pod so that CALEB D. FINK could be observed in, and a suicide and life could have been saved. Such failures were done with deliberate indifference and a callous disregard for the Defendants own sworn duties to protect and preserve a life of a human being who has a known history having expressed suicidal ideation to WELLPATH medical staff which is glaringly found in the

Defendants intake and assessment computer accessible records at the ALACHUA County Jail.

80. Such indifference when measured against a life when a less than two (2) minute scan of the deceased medical records on the very computer dispels any notion befitting duty and if that is not tantamount to deliberate indifference then a very dangerous precedent will be set and such should not be tolerated let alone gone without redress.  Such more than violates §768.16, et seq.

81. The Plaintiff and the statutory survivors of his estate are entitled to damages as provided by the Florida Wrongful Death Statute Section § 768.21, including but not limited to the following:

(a)     Loss of past and future support and services with interest;

(b)     Value of the decedent's past and the future support and services to the statutorily defined survivors;

(c)     Loss of net accumulations to the Estate of CALEB D. FINK;

(d)     Loss to his children (if any), survivors and spouse /wife, other family members, for loss of companionship and for their mental pain and

suffering from the past and future date as a result of CALEB D. FINK death;

(e)     Any and all medical and/or funeral expenses incurred due to the wrongful death of the Decedent, CALEB D. FINK;

(f)     Any and all costs associated with this action; and,

(g)     Punitive and exemplary damages in an amount sufficient to deter future similar conduct; and

(h)     Any and all other and further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, DANIEL D. FINK, as Personal Representatives of the Estate of CALEB D. FINK, deceased, and as the survivors and spouse /wife and children (if ANY) and natural parent of CALEB D. FINK, deceased, demands judgment for compensatory damages against all defendants, jointly and severally, together with post judgment interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiff, DANIEL D. FINK, as Personal Representatives of the Estate of CALEB D. FINK, deceased, and as survivor's Parent/father, children (if

any) and natural parent of CALEB D. FINK, deceased, hereby demands a

trial by jury on all issues so triable.

Dated this 21st day of March 2023

Respectfully submitted,

*/s/Orlando Sheppard*
*Orlando Sheppard, Esq. FBN: 118424*
*121 South Orange Ave., Suite 1500*
*Orlando, FL 32801*
*Phone: 407-992-6145*
*Fax: 866-531-0845*
*E-mail: orlando@bsflegal.com*
*Co-Counsel for Plaintiff*