UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DANIEL D. FINK, individually and as Personal Representative of the Estate of CALEB D. FINK, deceased, for the benefit of his survivors and the Estate,**

    Plaintiff,

v.                                  Case No.: 1:23-cv-63-AW-ZCB

**ALACHUA COUNTY SHERIFF'S OFFICE,**
**et al.,**

    Defendants.
_____/

## SHERIFF WATSON'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CLOVIS WATSON, JR., in his official capacity as Sheriff of Alachua County, Florida ("Defendant" or "Sheriff Watson"), through his undersigned counsel, answers Plaintiff's Complaint [ECF. 1] and states as follows:

### INTRODUCTORY STATEMENT

    1.    Admitted.

    2.    Without knowledge, therefore denied.

    3.    Denied, as phrased.

    4.    Without knowledge, therefore denied.

    5.    Denied.

6. Denied, as phrased.

7. Denied.

## JURISDICTION AND VENUE

8. Admitted that Plaintiff has brought a civil action. Denied that Plaintiff is entitled to the relief sought or any relief whatsoever. The remainder of this paragraph is denied.

9. Regarding the first sentence, without knowledge, therefore denied. The second sentence is admitted for jurisdictional purposes only.

10. Denied.

## CONDITIONS PRECEDENT

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

## PARTIES

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Admitted.

16. Without knowledge, therefore denied.

17. Denied.

18. Admitted that Sheriff Watson is a constitutional officer and Sheriff of Alachua County, Florida. Admitted that Plaintiff has sued Sheriff Watson in his

official capacity as Sheriff. The remainder of this paragraph is denied.

19. Admitted.

20. Admitted that at all times material hereto, Sheriff Watson was the Sheriff of Alachua County, Florida. Admitted that Sheriff Watson, in his official capacity as Sheriff of Alachua County, Florida, can sue and be sued. Admitted that Sheriff Watson has employees and agents. The remainder of this paragraph is denied.

21. Denied, as phrased.

22. Denied, as phrased.

23. Without knowledge, therefore denied.

## FACTUAL ALLEGATIONS

24. Sheriff Watson reasserts his responses to applicable foregoing paragraphs.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted that during his most recent incarceration, Plaintiff's decedent self-reported that he had previously been diagnosed with explosive disorder, bipolar, depression, and Asperger's. The remainder of this paragraph is denied.

31. Admitted that during his most recent incarceration, Plaintiff's decedent self-reported that he has blackouts from alcohol and K2. The remainder of this paragraph is denied.

32. Denied.

33. Denied.

34. Denied, as phrased.

35. Denied, as phrased.

36. Denied, as phrased.

37. Denied, as phrased.

38. Denied.

39. Without knowledge, therefore denied.

40. Denied, as phrased.

41. Denied.

46. (sic)  Without knowledge, therefore denied.

42. Denied.

43. Denied.

44. Without knowledge, therefore denied.

45. Denied.

46. Denied.

47. Denied.

48. Without knowledge as to what the United States Bureau of Justice Statistics found in 2006, therefore, denied. The remainder of the paragraph is denied.

49. Denied.

50. Denied, as phrased.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## CLAIMS FOR RELIEF

### COUNT I
### MEDICAL NEGLIGENCE AGAINST WELLPATH
### (DIRECT AND VICARIOUS LIABILITY)

56. – 62. Sheriff Watson is not a party to this Count and declines to respond to the allegations contained therein. To the extent responses are necessary, the allegations are denied.

### COUNT II
### NEGLIGENCE CLAIM AGAINST NURSE JANE AND JOHN DOES 1-10

63. – 66. Sheriff Watson is not a party to this Count and declines to respond to the allegations contained therein. To the extent responses are necessary, the allegations are denied.

## COUNT III
**VIOLATION OF 42 U.S.C. § 1983 AGAINST ACSO, WELLPATH, LLC.; NURSES JANE DOES and NURSES JOHN DOES 1-10,; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; MAJOR ROBERT STAFFORD, in his supervisor role as jail director;**

**FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL AND MENTAL HEALTH NEEDS IN VIOLATION OF FOURTEENTH AMENDMENT**

67. Sheriff Watson reasserts his responses to applicable foregoing paragraphs.

68. Admitted that the claim purports to be brought pursuant to 42 U.S.C. Section 1983 for deliberate indifference to serious medical needs but denied that the claim has any merit whatsoever or that Plaintiff is entitled to any relief. The remainder of the paragraph is denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 74 of his complaint, or any relief whatsoever.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANTS SHERIFF CLOVIS WATSON JR. AND WELLP ATH FOR CUSTOM, POLICY, OR PRACTICE CAUSING CONSTITUTIONAL VIOLATIONS

75. Sheriff Watson reasserts his responses to applicable foregoing paragraphs.

76. Denied.

Denied that Plaintiff is entitled to the relief sought in the *ad damnum* clause following paragraph 76 of his complaint, or any relief whatsoever.

## COUNT V
## WRONGFUL DEATH AGAINST ACSO, WELLPATH, LLC NURSES JANE DOES and NURSES JOHN DOES 1-10; CLOVIS WATSON JR., in his official capacity as Sheriff of ALACHUA County, Florida; DEPUTIES JOHN DOES and DEPUTIES MARY DOES 1-10; MAJOR ROBERT STAFFORD, in his supervisor role as jail director;

77. Sheriff Watson reasserts his responses to applicable foregoing paragraphs.

78. Without knowledge, therefore denied.

79. Denied.

80. Denied.

81. Denied.

## **PRAYER FOR RELIEF**

Denied that Plaintiff is entitled to the relief sought in the prayer for relief, or any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

1. No state or federally protected rights of Plaintiff or Plaintiff's decedent have been infringed or violated.

2. Any injurious results about which Plaintiff complains were the result of Plaintiff's decedent own actions or omissions and any award of damages should be reduced by the *pro rata* share of fault attributable to Plaintiff's decedent.

3. As to any and all claims arising under state law or which seek to impose liability for allegedly negligent activity, any and all injuries suffered by the decedent resulted from the actions of one or more third parties over whom Sheriff Watson had no control, nor a duty to control. Accordingly, any award of damages should be reduced by the *pro rata* share of fault attributable to those third parties. Who those parties may be at this point is not currently fully known in that discovery has not yet commenced. Sheriff Watson anticipates that this may include, but is not limited to, one or more physicians, psychiatrists, and/or employees of Wellpath, LLC. Sheriff Watson reserves the right to amend and supplement this affirmative defense upon learning of any additional parties.

4. Plaintiff may have failed to use reasonable and proper efforts to mitigate damages.

5. Plaintiff and/or Plaintiff's decedent may have been the beneficial recipient of recovery from collateral sources; accordingly, the Sheriff is entitled to

set off from any damages award those payments from collateral sources.

6. The Sheriff is entitled to set off for any of Plaintiff's or Plaintiff's decedent's expenses or damages previously paid by the Sheriff.

7. Any injuries incurred by Plaintiff's decedent are the result of their own actions or omissions or failure to care for themselves.

8. To the extent the actions of Sheriff Watson's employees were outside the course and scope of their employment, or, alternatively, were not taken "under color of law," Sheriff Watson cannot be derivatively liable.

9. All or part of the damages awardable to Plaintiff or Plaintiff's decedent under any claims brought pursuant to Florida law are governed by the terms, conditions, provisions, and limitations found in section 768.28, Florida Statutes.

10. Sheriff Watson is entitled to the defense of sovereign immunity for any claims brought against him under Florida law that relate to actions taken that were within the course and scope of his official duties and that involved the exercise of governmental discretion and were not operational in nature, including but not limited to, decisions related to the classification and placement of inmates, the assignment, hiring, training, supervision, and discipline of personnel, and the creation or enforcement of policies or procedures.

11. The conduct of Sheriff Watson or any of his employees or agents did not cause the death of Caleb D. Fink in that his death was by suicide which was an

intervening superseding cause which was as a matter of law not foreseeable.

12. Sheriff Watson is not liable for any acts of his employees and/or agents that are committed outside the course and scope of their employment.

13. The injuries or damages incurred by Plaintiff and/or Plaintiff's decedent are a direct result of an active and efficient cause which intervened between any negligence on the part of Sheriff Watson and the decedent's intentional self-inflicted injury.

14. Sheriff Watson, through his employees and/or agents, did not know of or have reason to anticipate the actions of the decedent or the harm that followed.

15. Sheriff Watson, through his employees, was not on notice of any suicidal tendencies on the part of the decedent that would have provided notice that suicide on the part of the decedent was reasonably foreseeable.

16. All or part of the damages awardable to Plaintiff under any claims brought pursuant to Florida law are governed by the limitations found in Florida's Wrongful Death Act, section 768.16, et. seq., Florida Statutes.

17. Sheriff Watson is entitled to the protection and benefits of section 768.81, Florida Statutes.  Sheriff Watson requests apportionment, as provided in the statute, of any damages that may be awarded Plaintiff.

18. Plaintiff's claims are, in part or in whole, based on medical care provided to the decedent. Accordingly, Plaintiff's state law claims are barred by

Plaintiff's failure to comply with the notice and pre-suit requirements of Florida's medical malpractice law.

19. To the extent Plaintiff alleges negligence on the part of Sheriff Watson's law enforcement or correctional officers, Plaintiff has failed to state a cause of action because the officers timely referred Plaintiff to appropriate healthcare personnel for evaluation and treatment, as necessary.

20. Without admitting liability, actions attributable to Sheriff Watson, his agents or employees, at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

21. Plaintiffs cannot identify any custom, policy, or practice of Sheriff Watson that was the moving force behind any alleged constitutional injury; accordingly, there can be no liability on the part of Sheriff Watson for any federal claim.

22. No causal connection exists between the actions of the supervisory official or governmental body and the alleged deprivation of Plaintiff's or Plaintiff's decedent's civil or constitutional rights. No history of widespread abuse existed as of the date of the incident in question sufficient to put the governmental body or supervisory official on notice of a need to implement new policies or revise existing ones due to the likelihood of civil or constitutional violations.

23. Should claims arising under Federal law be dismissed or resolved by dispositive motion, the Court will be devoid of an independent basis for the exercise of subject matter jurisdiction and the matter will be subject to dismissal.

THEREFORE, having answered the Complaint and having denied all liability thereunder, Clovis Watson, Jr., in his official capacity as Sheriff of Alachua County, Florida, respectfully prays judgment be entered in his favor and in the event it is not, the Sheriff hereby invokes his right to trial by jury.

    Respectfully submitted,

*/s/ Matthew J. Carson*
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com
**MATTHEW J. CARSON**
Florida Bar No. 0827711
E-mail: mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendant***
***Sheriff Clovis Watson***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of August, 2023, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Northern District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Matthew J. Carson
**MATTHEW J. CARSON**