IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DANIEL D. FINK, individually and as**
**Personal Representative of the Estate of**
**Caleb D. Fink, deceased, for the benefit of**
**his survivors and the Estate,**

      **Plaintiff,**

**v.**                                        **Case No. 1:23-cv-63-AW-ZCB**

**ALACHUA COUNTY SHERIFF'S**
**OFFICE, et al.,**

      **Defendants.**

_____/

## ORDER GRANTING MOTIONS TO DISMISS

Two defendants have moved to dismiss. ECF No. 19, 20. Plaintiff has not responded to either motion, and the deadline to do so has passed. This alone is a sufficient basis to grant the motions. *See* N.D. Fla. Loc. R. 7.1(E) ("A party who opposes the motion must file a memorandum in opposition."); *id*. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."). I grant both motions on this basis. Alternatively, I would grant both motions on the merits for the reasons below.

First, Clovis Watson, Jr., as Sheriff of Alachua County, moves to dismiss claims against the "Alachua County Sheriff's Office." ECF No. 20. As the Sheriff explains, the claims against the Sheriff are properly brought against him in his official capacity. Claims against the "Sheriff's Office"—which the Sheriff says is

1

not a cognizable entity—would be at best duplicative of claims against the Sheriff in his official capacity.

Second, Major Robert Stafford moves to dismiss claims against him. ECF No. 19. He argues that there are insufficient facts alleged to state a plausible claim. I agree.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It is not enough to offer "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

The allegations against Stafford are mere conclusory statements and legal conclusions. There are not facts—actual facts—supporting a plausible claim against Stafford. *Cf. Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) ("Franklin's repeated allegations the Supervisory Defendants were deliberately indifferent or their actions constituted or resulted in deliberate indifference carry no weight. Similarly, by alleging Appellants 'knew or should have known' of a risk, Franklin

2

has merely recited an element of a claim without providing the facts from which one could draw such a conclusion."). [1]

The motions (ECF Nos. 19, 20) are GRANTED. Claims against the "Alachua County Sheriff's Office" and claims against Major Robert Stafford are DISMISSED. This is without prejudice to Plaintiff's moving for leave to file an amended complaint with specific facts supporting a claim against Stafford.

The case will proceed as to the remaining Defendants.

SO ORDERED on August 30, 2023.

s/ *Allen Winsor*
United States District Judge

---

[1] Stafford notes that the complaint does not specify whether the claims against him are in his official or individual capacity. There is no indication that the claims are against Stafford in any official capacity, and I treat them as individual-capacity claims.