UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DANIEL D. FINK, individually and as Personal Representative of the Estate of Caleb D. Fink,**

    Plaintiff,

v.                         Case No.: 1:23-cv-63-AW-ZCB

**WELLPATH, LLC; CLOVIS WATSON, JR., in his official capacity as Sheriff of Alachua County, Florida; and WATSON W. LOUIDOR,**

    Defendants.
_____ /

### SHERIFF WATSON'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF No. 34]

Defendant, CLOVIS WATSON, JR., in his official capacity as Sheriff of Alachua County, Florida ("Sheriff Watson"), through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Count II of Plaintiff's First Amended Complaint (a count purporting to bring a claim for relief pursuant to Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504")), and in support, states:

1. On March 22, 2023, Plaintiff filed his initial complaint in this Court against Sheriff Watson and other Defendants. (ECF No. 1). Plaintiff's initial complaint did not contain a count brought under the ADA or Section 504.

2. On August 4, 2023, Sheriff Watson filed his answer and affirmative defenses to Plaintiff's initial complaint. (ECF No. 18).

3. On September 11, 2023, Plaintiff filed his first amended complaint. (ECF No. 34).

4. Plaintiff's first amended complaint contains a claim purporting to seek relief from Sheriff Watson under the ADA and Section 504. (ECF No. 34, Count II, ¶¶ 52-65).

5. Plaintiff failed to allege and will be unable to establish facts to state an ADA or Section 504 claim against Sheriff Watson.

6. Count II of Plaintiff's amended complaint purporting to bring a claim against Sheriff Watson under the ADA and Section 504 should be dismissed.

## MEMORANDUM OF LAW

### I. Factual Background

Plaintiff alleges that Plaintiff's decedent was booked into the Alachua County Jail on August 9, 2022, and died by suicide on September 20, 2022. (ECF No. 34, ¶¶ 24, 33, 40). Although Plaintiff has identified a number of medical conditions that allegedly affected Plaintiff's decedent (explosive disorder, bipolar disorder,

depression, and Asperger's Syndrome), Plaintiff has not alleged any facts to establish any of the elements of a claim or otherwise show entitlement to relief under Title II of the ADA or Section 504 of the Rehabilitation Act.

The section of Plaintiff's amended complaint entitled "Factual Allegations" is completely devoid of any support for a claim that Plaintiff's decedent was denied the benefits of any service, program, or activity, or was otherwise discriminated against. In fact, Plaintiff has not even alleged facts to establish that Plaintiff's decedent was a qualified individual with a disability as those terms are defined in relevant law.

To be sure, Count II of Plaintiff's amended complaint comprises solely of a threadbare recitation of the elements of an ADA/Section 504 cause of action. This is insufficient. Count II of Plaintiff's amended complaint is due to be dismissed.

**II.     Pleading Standard**

Plaintiff has not alleged sufficient facts in his amended complaint to state an ADA/Section 504 claim. While a court at this stage of the litigation must consider the allegations contained in the complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The complaint's allegations must include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.*, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

3

555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 555.

Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." *Id*. at 681 (citations omitted). Legal conclusions "can provide the framework for a complaint, [but] they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"Under Title II of the ADA, public entities are prohibited from discrimination against individuals with disabilities or denying them services because of their disabilities." *Owens v. Sec'y, Fla. Dep't of Corrs.*, 602 Fed.Appx. 475, 477 (11th Cir. 2015) (citing 42 U.S.C. § 12132). "The elements of a claim under the Rehabilitation Act are essentially the same as a claim under the Americans with Disabilities Act, except that the Defendant must be a recipient of federal funds." *Garcia v. Taylor*, No 4:07cv474-SPM/WCS, 2009 WL 2496521, *2 (N.D. Fla. Aug. 11, 2009). These

4

elements include showing that: (1) Plaintiff's decedent was a qualified individual with a disability, (2) he was either excluded from participation in or denied the benefits of the jail's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability. *See Owens*, 602 Fed.App.x at 477 (*citing Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007)).

### III. Plaintiff's Amended Complaint Fails to State a Claim for Relief Pursuant to the ADA or Section 504

Plaintiff's conclusory statements aside, Plaintiff does not allege, and will be unable to establish, that Plaintiff's decedent was excluded from or denied the benefits of any jail services in the first place, and certainly not *by reason of* any alleged disability. Plaintiff has failed to identify any services, programs, or activities from which Plaintiff's decedent was excluded and which other non-disabled detainees could enjoy. Rather, Plaintiff only makes vague references to denied "accommodations" such as "treatment and … services for his mental health disorders," (ECF No. 34, ¶ 38, 39). However, any alleged failure to provide medical or mental health services cannot support an ADA/Section 504 claim. *See, e.g., Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (*quoting Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)) ("[T]he ADA 'would not be violated by a prison's simply failing to attend to the medical needs of its disabled

prisoners.'"); *see also Finn v. Haddock*, 459 Fed.Appx. 833 (11th Cir. 2012) (failure to provide adequate medical treatment does not violate the ADA or Section 504).

By all accounts, Plaintiff attempts to state an ADA/Section 504 claim by alleging little more than: Plaintiff's decedent was disabled; Plaintiff's decedent was incarcerated; and Plaintiff's decedent died as a result of a self-harm event. These factual allegations, even if true, cannot support a claim under the ADA or Section 504. Accordingly, Count II of Plaintiff's amended complaint should be dismissed.

Dated this 25th day of September, 2023.

           Respectfully submitted,

           */s/ Matthew J. Carson*
           **MICHAEL P. SPELLMAN**
           Florida Bar No. 0937975
           Email: mspellman@sniffenlaw.com
           **MATTHEW J. CARSON**
           Florida Bar No. 0827711
           E-mail: mcarson@sniffenlaw.com

           **SNIFFEN & SPELLMAN, P.A.**
           123 North Monroe Street
           Tallahassee, Florida  32301
           Telephone: (850) 205-1996
           Facsimile: (850) 205-3004
           ***Attorneys for Defendant***
           ***Sheriff Clovis Watson, Jr.***

## RULE 7.1(F) CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), I certify that according to the word count feature of the word-processing system used to prepare this document, the motion and incorporated memorandum contain 1,073 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2023, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Northern District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**