UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL D. FINK,

      Plaintiff,

v.

      Case No. 1:23-cv-63-AW-ZCB

WELLPATH, LLC, *et al.*,

      Defendants.

## REPORT OF THE PARTIES' PLANNING MEETING
## AND PROPOSED DISCOVERY PLAN

In accordance with the Court's Initial Scheduling Order (ECF No. 29) and pursuant to Rule 26(f) and Local Rule 16.1, the parties respectfully submit this joint Rule 26(f) report.

**1.    The Meeting.** Counsel for the parties conferred via videoconference on September 13, 2023, and then subsequently by electronic means. The following persons participated in the Rule 26(f) conference:

- James M. Slater, counsel for Plaintiff;

- Orlando Sheppard, counsel for Plaintiff;

- Matthew Carson, counsel for Defendant Sheriff Watson; and

- Jeffery Lawley, counsel for Defendant Wellpath, LLC.

**2.** **Nature and Basis of Claims and Defenses**.

(a)    Plaintiff alleges that the untimely death of his son, Caleb D. Fink at the Alachua County Jail, was a result of the wrongful acts and omissions of Defendant Watson, Jr., Sheriff of Alachua County, Florida, and Wellpath, LLC, the jail's medical contractor, as well as the deliberate indifference of Watson Louidor, who worked as a mental health counselor at the jail at the time of Mr. Fink's death. Plaintiff seeks damages against these defendants for violations of the Eighth Amendment of the U.S. Constitution, Title II of the Americans with Disabilities Act of 1990 and section 504 of the Rehabilitation Act of 1973, as well as for wrongful death under Florida's Wrongful Death Act.

(b)    Defendant, Wellpath, LLC has not yet answered or asserted Affirmative Defenses, but will file a response to the Amended Complaint by September 25, 2023.  Wellpath, LLC generally denies Plaintiff's allegations of deliberate indifference and entitlement to damages under the Eighth Amendment of the U.S. Constitution.

(c)    Defendant Sheriff Watson denies all of Plaintiff's legal claims and many of his factual allegations, and denies that any employee of his office violated any of Plaintiff's decedent's rights or otherwise committed any tortious or unlawful act or omission. Defendant Sheriff Watson denies that Plaintiff is entitled to the relief sought, or any relief whatsoever.

**3.     Possibility of Settlement.** The parties will continue to discuss possible settlement and will participate in mediation after the completion of discovery.

**4.     Magistrate Judge.** Per paragraph 3 of the Initial Scheduling Order (ECF No. 29), the parties have conferred on whether they consent to have a magistrate judge preside over the entire case.

**5.     Discovery Plan**. The parties would respectfully propose the following discovery plan pursuant to Rule 26(f)(3):

(a)     <u>Disclosures</u>. The parties will exchange initial disclosures **no later than September 29, 2023**, in accordance with paragraph 4(a) of Initial Scheduling Order.

(b)     <u>Discovery Subject and Timing</u>. Discovery will be needed of the facts that relate to Plaintiff's claims and Defendants' affirmative defenses. There is no need to conduct discovery in phases or limit discovery to particular issues.

(c)     <u>Electronic Discovery</u>. The parties agree to serve discovery requests and responses electronically.

(d)     <u>Claims of Privilege/Protection</u>. The parties agree that if privileged data or documents are inadvertently produced, they will be returned and copies will be destroyed, or treated as otherwise permitted by the Rules. The parties will address issues of privilege with respect to discovery if and when such issues arise.    Wellpath, LLC anticipates that a discovery confidentiality agreement or

discovery protective order will be needed to protect dissemination of proprietary, trade secret, and confidential commercial information.

(e)   <u>Limitations on Discovery</u>. The number of interrogatories, requests for admissions, depositions, and requests for production should be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. The parties generally agree to conduct depositions via Zoom or another videoconference provider; however, Defendants intend to take the survivors' depositions in person and the parties reserve the right to request other depositions in person.

(f)   <u>Consent to Electronic Service</u>. Hereinafter, the parties consent to service of all documents via electronic means with time to be calculated as if service had been via hand-delivery on the same date with no days added provided that service is made to the email addresses of record on the ECF at the time of service, or as otherwise designated by either side in writing during the course of the proceedings.

6.   **Proposed Deadlines.** The parties propose the following case deadlines:

| Rule 26(a)(1) initial disclosures | September 29, 2023 |
|---|---|
| Joinder of parties and amendments to pleadings | December 15, 2023 |
| Plaintiff's expert disclosures | February 9, 2024 |

4

| | |
|---|---|
| Defendant's expert disclosures and rebuttal reports (if any) | March 8, 2024 |
| Plaintiff's rebuttal reports (if any) | April 5, 2024 |
| Close of discovery | April 26, 2024 |
| Summary judgment and dispositive motions | May 24, 2024 |

Based on the parties' upcoming schedules, discovery matters in other cases, upcoming scheduled trials, including Plaintiff's counsel's anticipated trial in late January 2024 before this Court in *Dukes v. McCallum, et ano.*, Case No. 1:23-cv-45-AW, Wellpath, LLC's counsel's anticipated trial January 29, 2024 in *Ratlieff v. City of Fort Lauderdale, et al.,* Case No. 0:22-cv-61029 pending the U.S.D.C. for the Southern District of Florida, and the needs of this case—specifically that several potential defendants may be identified through discovery (*see* ECF No. 31) (dismissing fictitious defendants without prejudice to Plaintiff's seeking a later amendment to name additional defendants)—, the parties believe that good cause is met to extend discovery matters in this case by approximately 90 days.

7.      **Trial Readiness.** The parties believe that this matter will be ready for trial during the two-week trial period that begins in September 2024 per paragraph 5 of the Court's Initial Scheduling Order.

**8.    Other matters.**

(a)    The parties would ask that the Court enter, when appropriate, an order for pretrial conference setting forth the deadlines for filing pretrial matters.

(b)    The parties do not request a conference with the Court before entry of the scheduling order.

Dated: September 27, 2023

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel.: (305) 523-9023

-and-

*/s/ Orlando Sheppard*
Orlando Sheppard (FBN 118424)
Burns Sheppard Favors
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
orlando@bsflegal.com
Tel.: (833) 778-7359

*Attorneys for Plaintiff*

*/s/ Matthew J. Carson*
Michael P. Spellman (FBN 937975)
Matthew J. Carson (FBN 827711)
SNIFFEN & SPELLMAN, P.A.
123 North Monroe Street
Tallahassee, Florida 32301
Email: mspellman@sniffenlaw.com
E-mail: mcarson@sniffenlaw.com
Tel.: (850) 205-1996
Fax: (850) 205-3004

*Attorneys for Defendant*
*Sheriff Clovis Watson*

*/s/ Jeffery R. Lawley*
Jeffery R. Lawley (FBN 596027)
BILLING, COCHRAN, LYLES,
MAURO & RAMSEY, P.A.
Las Olas Square, Ste. 600
515 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Tel.: 954-764-7150
Fax: 954-764-7279
jrl@bclmr.com

*Attorneys for Defendant Wellpath, LLC*