114132-10/19406501

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

### CASE NO. 1:23-cv-63-AW-ZCB

DANIEL D. FINK, as Personal
Representative of ESTATE OF CALEB D.
FINK, on behalf of the Estate and
survivors,

     Plaintiff,

v.

WELLPATH, LLC, a foreign limited
liability company, CLOVIS WATSON, JR.
in his official capacity as Sheriff of
Alachua County, Florida and WATSON W.
LOUIDOR, individually,

     Defendants.

_____/

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Dated:     10/19/2023

Defendant, Watson W. Louidor, by and through the undersigned attorneys,

files this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for

Jury Trial, and states as follows:

    1.     Denied.

    2.     Denied.

CASE NO. 1:23-cv-63-AW-ZCB

3.      Denied.

4.      Denied.

5.      Denied.

6.      Without knowledge and therefore denied.

7.      Without knowledge and therefore denied.

8.      Denied.

9.      Denied.

10.     Without knowledge and therefore denied.

11.     Without knowledge and therefore denied.

12.     Denied as phrased.

13.     Admitted Mr. Watson, Jr. was and is the elected Sherriff of Alachua County, Florida. Otherwise, denied.

14.     Denied.

15.     Admitted Wellpath, LLC is a Delaware limited liability company with a principal address of 3340 Perimeter Hill Road, Nashville, Tennessee 37211. Otherwise, without knowledge and therefore denied.

16.     Denied.

CASE NO. 1:23-cv-63-AW-ZCB

17.    Admitted Mr. Louidor contracted with Wellpath to provide mental health services at the Alachua County Jail as an independent contractor. Otherwise, denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Without knowledge and therefore denied.

22.    Without knowledge and therefore denied.

23.    Denied.

24.    Without knowledge and therefore denied.

25.    Denied.

26.    Admitted all persons placed in administrative confinement at the Alachua County Jail are to be monitored for "bizarre statements, gestures, and behaviors" and have their condition and status checked every 15 minutes. Otherwise, denied.

27.    Admitted all persons placed in the 2-H pod at the Alachua County Jail are required to be observed every 15 minutes. Otherwise, denied.

28.    Admitted Mr. Louidor was an independent contractor for Wellpath and recommended Mr. Fink be placed in general population due to the absence of

CASE NO. 1:23-cv-63-AW-ZCB

observable or previously recorded need for mental health treatment for Mr. Fink. Further admitted "no MHR" as written on the "Mental Health Suicide Watch Custody Notification" form meant "no mental health restrictions." Otherwise, denied.

29.    Without knowledge and therefore denied.

30.    Without knowledge and therefore denied.

31.    Without knowledge and therefore denied.

32.    Denied.

33.    Admitted "no MHR" as written meant "no mental health restrictions." Otherwise, denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Without knowledge and therefore denied.

38.    Denied.

39.    Denied as phrased.

40.    Admitted Mr. Fink committed suicide in the Alachua County Jail more than two weeks after his last interaction with Mr. Louidor. Otherwise, without knowledge and therefore denied.

CASE NO. 1:23-cv-63-AW-ZCB

41.     Without knowledge and therefore denied.

42.     Without knowledge of other Alachua County Jail inmate suicides and therefore denied.

### COUNT I – WRONGFUL DEATH AGAINST CLOVIS WATSON, JR.

43-52.     Count I is not directed to this Defendant, and as such, no response is required. To the extent the allegations imply negligence on behalf of the Defendant, such allegations are specifically denied. To the extent responses are deemed necessary by this Court, each and every, all and singular allegations of Paragraphs 43-51 are denied.

### COUNT II – 42 U.S.C. § 122131, *et seq.* & 29 U.S.C. §§ 791-94 AGAINST CLOVIS WATSON, JR.

52-65.     Count II is not directed to this Defendant, and as such, no response is required. To the extent the allegations imply negligence on behalf of the Defendant, such allegations are specifically denied. To the extent responses are deemed necessary by this Court, each and every, all and singular allegations of Paragraphs 52-65 are denied.

### COUNT III – 42 U.S.C. § 1983 AGAINST CLOVIS WATSON, JR.

66-78.     Count III is not directed to this Defendant, and as such, no response is required. To the extent the allegations imply negligence on behalf of the Defendant, such allegations are specifically denied. To the extent responses are deemed

CASE NO. 1:23-cv-63-AW-ZCB

necessary by this Court, each and every, all and singular allegations of Paragraphs 66-78 are denied.

## <u>COUNT IV – 42 U.S.C. § 1983 AGAINST WATSON W. LOUIDOR</u>

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## <u>COUNT V – 42 U.S.C. § 1986 AGAINST WELLPATH</u>

87-98. Count V is not directed to this Defendant, and as such, no response is required. To the extent the allegations imply negligence on behalf of the Defendant, such allegations are specifically denied. To the extent responses are deemed necessary by this Court, each and every, all and singular allegations of Paragraphs 87-98 are denied.

CASE NO. 1:23-cv-63-AW-ZCB

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's damages were caused in whole or in part by the negligence of Decedent and Plaintiff's recovery, if any, should be barred or reduced proportionately pursuant to the Doctrine of Comparative Negligence. At this stage of the discovery, the Defendant is unaware of all acts of negligence of the Decedent that caused or contributed to the alleged incident. At a minimum, the Decedent negligently failed to notify Mr. Louidor or Alachua County Jail officials of his alleged mental health history and any current mental health issues he was having during his incarceration at the Alachua County Jail.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to the holdings in <u>Fabre v. Marin</u>, 623 So. 2d. 1182 (Fla. 1993); Nash v. Wells Fargo Guard Services, 678 So. 2d. 1262 (Fla. 1996); and <u>E. H. P. Corp. v. Cousin</u>, 654 So. 2d 976 (Fla. 2d DCA 1995), the Defendant expressly reserves the right to assert a "Fabre defense" if any third parties are determined, as a result of discovery and investigation, to be responsible for the Plaintiff's alleged injuries and/or damages. This defense has been pled so as to avoid a later claim of "waiver."

CASE NO. 1:23-cv-63-AW-ZCB

## **THIRD AFFIRMATIVE DEFENSE**

The Plaintiff has named one or more Co-Defendants in this action and has alleged that their actions or inactions were negligent and/or violated rights of Mr. Fink and were the proximate cause of the damages alleged in the Complaint. Although this Defendant is not making such a contention at this time, this Defendant reserves the right to adopt and incorporate these allegations as an Affirmative Defense should the Plaintiff settle with the Co-Defendants or otherwise dismiss them prior to trial.

## **FOURTH AFFIRMATIVE DEFENSE**

If there was any negligence that caused or contributed to the death of Mr. Fink, it was solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of this Defendant, and therefore, the Plaintiff cannot recover against this Defendant.

## **FIFTH AFFIRMATIVE DEFENSE**

Defendant specifically claims any credit or set-off to which the Defendant may be entitled for any and all payments paid or payable to the Plaintiff for any damages alleged in the Plaintiff's Complaint from any collateral source whatsoever.

CASE NO. 1:23-cv-63-AW-ZCB

## SIXTH AFFIRMATIVE DEFENSE

Defendant states he is entitled to all set-offs and limitations of liability pursuant to the Doctrine of Comparative Fault, including, but not limited to, the provisions of Florida Statute § 768.81.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant relies upon the rights, remedies and prescription of Florida Statute § 768.78, relating to an award of future economic damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant submits that there was an intervening and/or superseding cause of loss and as such they are not liable.  At this stage of the discovery the Defendant is unaware of all such causes but has pled the defense so as to avoid a later claim of "waiver." At a minimum, it appears the negligence of the currently unidentified Alachua County Jail booking department nurses was such a cause. If/when the Defendant becomes aware of additional information in this regard or additional such causes, they will be timely disclosed to the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts the Estate cannot recover for medical bills and/or funeral expenses that are not charged against the Estate and brought timely.

CASE NO. 1:23-cv-63-AW-ZCB

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts no federally protected rights of Plaintiff or the Decedent have been infringed or violated.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the actions of Defendant were not taken "under color of law," Defendant cannot be held liable under 42 U.S.C. § 1983.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant submits that the death of Mr. Fink by suicide was an intervening and/or superseding cause of loss and as such, he is not liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not identified any evidence that the Decedent had an objectively serious medical need at any time while under Defendant's care and therefore Plaintiff is barred from recovery under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that he was not aware of the Decedent's mental health history or suicidal ideations and therefore cannot be held liable.

CASE NO. 1:23-cv-63-AW-ZCB

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts, without admitting liability, that Plaintiff has not identified any deliberate indifference of Defendant that rises beyond simple negligence and therefore Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury of all issues so triable as of right by a jury.

Respectfully submitted,

_____
Richard E. Ramsey, Esquire (715026)
RRamsey@WickerSmith.com
WICKER SMITH O'HARA
  McCOY & FORD, P.A.
50 N. Laura St., Suite 2700
Jacksonville, FL  32202
Telephone:  (904) 355-0225
Facsimile:   (904) 355-0226
Attorneys for  Watson W. Louidor

CASE NO. 1:23-cv-63-AW-ZCB

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on October 19, 2023, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_____
Richard E. Ramsey, Esquire

## **SERVICE LIST**

Orlando Sheppard, Esquire
Burns Sheppard Favors
VIA EMAIL: orlando@bsflegal.com
Purely Legal
2886 S Osceola Ave
Orlando, FL 32806-5431
Telephone:  (833) 778-7359
Facsimile:
orlando@bsflegal.com

James L. Slater, Esquire
Slater & Wiggins
36402 US Highway 19 N
Palm Harbor, FL 34684
Telephone:  (727) 787-7773
Facsimile:   (727) 787-7668
james@slater.legal