IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DANIEL D. FINK, individually and as**
**Personal Representative of the Estate of**
**Caleb D. Fink,**

    **Plaintiff,**

v.                                                     Case No. 1:23-cv-63-AW-ZCB

**WELLPATH, LLC; CLOVIS WATSON,**
**JR., in his official capacity as Sheriff of**
**Alachua County, Florida; and WATSON**
**W. LOUIDOR,**

    **Defendants.**
_____/

## ORDER DENYING MOTION TO DISMISS COUNT II

Caleb Fink committed suicide while in the Alachua County jail. His father—Plaintiff Daniel Fink—sued Wellpath, LLC, Alachua County Sheriff Clovis Watson, and Wellpath employee Watson Louidor, alleging claims related to Caleb's death.[1] ECF No. 34 (Am. Cmpl.). Sheriff Watson moves to dismiss Count II, ECF No. 42, which alleges violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, and the Rehabilitation Act (RA), 29 U.S.C. §§ 791-94, Am. Cmpl. ¶ 52.

To survive a motion to dismiss, a complaint needs "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[1] Because the Plaintiff and the deceased share a last name, I refer to Caleb Fink by his first name.

1

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). But legal conclusions, conclusory allegations, and mere recitations of the elements of a claim are not. *Twombly*, 550 U.S. at 555; *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018).

Fink alleges that the Sheriff violated the ADA and the RA by failing to provide accommodations for Caleb's mental health disorders. Am. Cmpl. ¶¶ 52-65. Title II of the ADA prohibits public entities, including jails and prisons, from discriminating against individuals with disabilities because of those disabilities. 42 U.S.C. § 12132; *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). A Title II discrimination claim requires showing (1) that the plaintiff is a qualified individual with a disability, (2) a denial of a public benefit or other form of discrimination by a public entity, and (3) that the disability was the reason for the exclusion or discrimination. *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). Discrimination claims under the Rehabilitation Act are governed by the same standard. *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

The Sheriff correctly notes that a jail's failure to provide medical treatment generally does not support an ADA or RA claim. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) ("[T]he ADA 'would not be violated

by a prison's simply failing to attend to the medical needs of its disabled prisoners.'" (cleaned up) (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996))). But Fink disclaims any contention that Count II is based on a failure to provide medical care. ECF No. 46 at 5-6. Instead, he says, Count II is premised solely on the Sheriff's failure to provide reasonable accommodations. *Id.* at 6; *see also* Am. Cmpl. ¶¶ 58-64.

Failure to provide reasonable accommodations can qualify as discrimination under the ADA. *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008); *see also Bircoll*, 480 F.3d at 1085-88. And reasonable-accommodation claims need not be "tied directly to the 'services, programs, or activities' of the public entity." *Bircoll*, 480 F.3d at 1084-85 (quoting *Bledsoe v. Palm Beach Cnty. Soil & Water Conservation Dist.*, 133 F.3d 816, 821-22 (11th Cir. 1998)).

Fink alleges several accommodations that the Sheriff did not provide Caleb, including mental health supervision, observation, and special housing outside of general population. Am. Cmpl. ¶¶ 38-39, 60. The Sheriff's motion points to other, more general allegations, which the Sheriff contends are too vague to support a claim. ECF No. 42 at 5. But the Sheriff does not address the more specific allegations, and he does not argue that they are not reasonable accommodations. Given that the jail already provides special housing with increased supervision and had placed Caleb in it for some period, Am. Cmpl. ¶¶ 26-27, and considering all

allegations in a light most favorable to Fink, I cannot say that Count II does not state a plausible claim. *See Epley v. Gonzalez*, 860 F. App'x 310, 314-15 (5th Cir. 2021) (reversing a motion to dismiss an ADA claim where a prisoner alleged he was denied safe prison housing when forced to use a multi-occupancy cell).

The Sheriff's motion to dismiss (ECF No. 42) is therefore DENIED.

SO ORDERED on November 3, 2023.

                                     s/ *Allen Winsor*
                                     United States District Judge