UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DANIEL D. FINK, individually and as
Personal Representative of the Estate of
Caleb D. Fink,**

    **Plaintiff,**

v.                                               Case No.: 1:23-cv-63-AW-ZCB

**EMERY A. GAINEY, in his official capacity
as Sheriff of Alachua County, Florida;
and WATSON W. LOUIDOR,**

    **Defendants.**
_____/

## SHERIFF GAINEY'S AMENDED ANSWER
## AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 34)

Defendant EMERY A. GAINEY[1], in his official capacity as Sheriff of Alachua County, Florida ("Sheriff Gainey"), through his undersigned counsel, files this amended[2] answer and affirmative defenses to Plaintiff's first amended complaint (ECF. 34) and states as follows:

---

[1] On September 7, 2023, Governor Ron DeSantis appointed Emery A. Gainey as Sheriff of Alachua County, Florida, with an effective date of October 2, 2023. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Sheriff Gainey is automatically substituted as a party in this action.

[2] By order dated November 3, 2023, this Court denied defendant Sheriff's motion to dismiss count II of Plaintiff's first amended complaint. This amended answer includes Sheriff Gainey's responses to the allegations in that count.

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted that Plaintiff has brought an action alleging violations of civil rights. Denied that Plaintiff is entitled to the relief sought or any relief whatsoever. The remainder of this paragraph is denied.

3. Admitted that Plaintiff has brought an action alleging violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Denied that Plaintiff has stated a claim under either Act. The remainder of this paragraph is denied.

4. Admitted for jurisdictional purposes only.

5. Admitted for venue purposes only.

6. Without knowledge, therefore denied.

## PARTIES

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Admitted that from August 9, 2020, until his death, Plaintiff's decedent was confined in the Alachua County Jail. Admitted that the Alachua County Jail is

operated by Sheriff Gainey and is located in Alachua County, Florida. The remainder of this paragraph is denied.

12. Admitted that from August 9, 2020, until his death, Plaintiff's decedent was subject to the custody and control of Sheriff Gainey's employees and agents. The remainder of this paragraph is denied.

13. The first sentence is admitted. The second sentence is admitted. Admitted that Sheriff Gainey is the final policymaker for his office and the Alachua County Jail. Admitted that Sheriff Watson and Major Robert Stafford were acting under color of law at all times material. The remainder of this paragraph is denied.

14. Admitted that Sheriff Gainey in his official capacity as Sheriff of Alachua County, Florida, is the proper party defendant for Plaintiff's claims against him. Denied that Plaintiff has stated a claim upon which relief can be granted against Sheriff Gainey. The remainder of this paragraph is denied.

15. The first sentence is admitted. Admitted that Sheriff Gainey has contracted with Wellpath to provide medical and mental health care for prisoners and detainees in the Alachua County Jail. The third sentence is denied. Regarding the fourth and fifth sentences, without knowledge, therefore denied. The remainder of this paragraph is denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Without knowledge, therefore denied.

20. Denied.

## FACTUAL ALLEGATIONS

21. Denied.

22. Admitted that from August 9, 2022, until his death, Plaintiff's decedent was confined in the Alachua County Jail. Admitted that Plaintiff's decedent had been detained in the Alachua County Jail on multiple occasions. The remainder of this paragraph is denied.

23. Denied.

24. The first sentence is admitted. Admitted that Plaintiff's decedent was sentenced to serve 110 days in jail, and was given credit for 50 days' time served. Regarding the remainder of this paragraph, without knowledge, therefore denied.

25. Admitted.

26. Admitted that Plaintiff's decedent denied suicidal ideations during his detention at the Alachua County Jail, and that he was not placed on suicide precautions. Admitted that Plaintiff's decedent was placed on 15-minute checks. Admitted that the classification unit noted that Plaintiff's decedent was to be monitored for bizarre statements, gestures, and behaviors, and that he was to be restricted from sharps or razors. The remainder of this paragraph is denied.

27. Admitted that Plaintiff's decedent was placed in Pod 2H. Admitted that Pod 2H is a mental health pod, and that some detainees in Pod 2H are at risk of serious self-harm or suicide. Admitted that Plaintiff's decedent was observed every 15 minutes while in Pod 2H. The remainder of this paragraph is denied.

28. Admitted that on August 11, 2022, Mr. Louidor, an employee of Wellpath, noted that Plaintiff's decedent was cleared for general population. The remainder of this paragraph is denied.

29. Admitted that Plaintiff's decedent was transferred to another pod. The remainder of this paragraph is denied.

30. Denied.

31. Denied, as phrased.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Regarding the operation of "a Wellpath facility in California," without knowledge, therefore denied. The remainder of this paragraph is denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### Count I – Wrongful Death
### (against Sheriff Gainey)

Sheriff Gainey reasserts his responses to applicable foregoing paragraphs.

43. Admitted that Count I purports to bring a wrongful death claim against Sheriff Gainey. Denied that Plaintiff has stated a claim, or that Plaintiff is entitled to the relief sought or any relief whatsoever. The remainder of this paragraph is denied.

44. Admitted that Count I purports to bring a wrongful death claim against Sheriff Gainey. Denied that Plaintiff has stated a claim, or that Plaintiff is entitled to the relief sought or any relief whatsoever. The remainder of this paragraph is denied.

45. Denied, as phrased.

46. Admitted that the Sheriff's agents and employees acted within the course and scope of their employment. Denied that the Sheriff's agents or employees acted negligently. The remainder of this paragraph is denied.

47. Denied, as phrased.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## Count II – 42 U.S.C. § 12131, et seq. & 29 U.S.C. §§ 791-94
### (against Sheriff Gainey)

Sheriff Gainey reasserts his responses to applicable foregoing paragraphs.

52. Admitted that Count III purports to bring a claim against under Title II of the Americans with Disability Act and Section 504 of the Rehabilitation Act. Denied that Plaintiff has stated a claim, or that Plaintiff is entitled to the relief sought or any relief whatsoever. The remainder of this paragraph is denied.

53. Denied, as phrased.

54. Denied, as phrased.

55. Without knowledge, therefore denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## Count III – 42 U.S.C. § 1983
### (against Sheriff Gainey)

Sheriff Gainey reasserts his responses to applicable foregoing paragraphs.

66. Denied, as phrased.

67. Denied.

68. Denied.

69. Denied.

70. Denied, as phrased.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## Count IV – 42 U.S.C. § 1983
### (against Louidor)

Sheriff Gainey is not a party to this Count and declines to respond to the allegations contained therein. To the extent responses are necessary, the allegations are denied.

## Count V – 42 U.S.C. § 1983
### (against Wellpath)

Sheriff Gainey is not a party to this Count and declines to respond to the allegations contained therein. To the extent responses are necessary, the allegations are denied.

## PRAYER FOR RELIEF

Denied that Plaintiff is entitled to the relief sought in the prayer for relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.No state or federally protected rights of Plaintiff or Plaintiff's decedent have been infringed or violated.

2.Any injurious results about which Plaintiff complains were the result of Plaintiff's decedent's own actions or omissions and any award of damages should be reduced by the *pro rata* share of fault attributable to Plaintiff's decedent.

3.As to any and all claims arising under state law or which seek to impose liability for allegedly negligent activity, any and all injuries suffered by the decedent resulted from the actions of one or more third parties over whom Sheriff Gainey had no control, nor a duty to control. Accordingly, any award of damages should be reduced by the *pro rata* share of fault attributable to those third parties. Who those parties may be at this point is not currently fully known in that discovery has not yet commenced. Sheriff Gainey anticipates that this may include, but is not limited to,

one or more physicians, psychiatrists, and/or employees of Wellpath, LLC. Sheriff Gainey reserves the right to amend and supplement this affirmative defense upon learning of any additional parties.

4. Plaintiff may have failed to use reasonable and proper efforts to mitigate damages.

5. Plaintiff and/or Plaintiff's decedent may have been the beneficial recipient of recovery from collateral sources; accordingly, the Sheriff is entitled to set off from any damages awarded by those payments from collateral sources.

6. The Sheriff is entitled to set off for any of Plaintiff's or Plaintiff's decedent's expenses or damages previously paid by the Sheriff.

7. Any injuries incurred by Plaintiff's decedent are the result of their own actions or omissions or failure to care for themselves.

8. To the extent the actions of Sheriff Gainey's employees and/or agents were outside the course and scope of their employment, or, alternatively, were not taken "under color of law," Sheriff Gainey cannot be derivatively liable.

9. All or part of the damages awardable to Plaintiff or Plaintiff's decedent under any claims brought pursuant to Florida law are governed by the terms, conditions, provisions, and limitations found in section 768.28, Florida Statutes.

10. Sheriff Gainey is entitled to the defense of sovereign immunity for any claims brought against him under Florida law that relate to actions taken that were

within the course and scope of his official duties and that involved the exercise of governmental discretion and were not operational in nature, including but not limited to, decisions related to the classification and placement of inmates, the assignment, hiring, training, supervision, and discipline of personnel, and the creation or enforcement of policies or procedures.

11. The conduct of Sheriff Gainey or any of his employees or agents did not cause the death of Caleb D. Fink in that his death was by suicide which was an intervening superseding cause which was as a matter of law not foreseeable.

12. The injuries or damages incurred by Plaintiff and/or Plaintiff's decedent are a direct result of an active and efficient cause which intervened between any negligence on the part of Sheriff Gainey and the decedent's intentional self-inflicted injury.

13. Sheriff Gainey, through his employees and/or agents, did not know of or have reason to anticipate the actions of the decedent or the harm that followed.

14. Sheriff Gainey, through his employees, was not on notice of any suicidal tendencies on the part of the decedent that would have provided notice that suicide on the part of the decedent was reasonably foreseeable.

15. All or part of the damages awardable to Plaintiff under any claims brought pursuant to Florida law are governed by the limitations found in Florida's Wrongful Death Act, section 768.16, et. seq., Florida Statutes.

16. Sheriff Gainey is entitled to the protection and benefits of section 768.81, Florida Statutes. Sheriff Gainey requests apportionment, as provided in the statute, of any damages that may be awarded Plaintiff.

17. Plaintiff's claims are, in part or in whole, based on medical care provided to the decedent. Accordingly, Plaintiff's state law claims are barred by Plaintiff's failure to comply with the notice and pre-suit requirements of Florida's medical malpractice law.

18. To the extent Plaintiff alleges negligence on the part of Sheriff Gainey's law enforcement or correctional officers, Plaintiff has failed to state a cause of action because the officers timely referred Plaintiff to appropriate healthcare personnel for evaluation and treatment, as necessary.

19. Without admitting liability, actions attributable to Sheriff Gainey, his agents or employees, at worst constitute mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

20. Plaintiff cannot identify any custom, policy, or practice of Sheriff Gainey that was the moving force behind any alleged constitutional injury; accordingly, there can be no liability on the part of Sheriff Gainey for any federal claim.

21. No causal connection exists between the actions of the supervisory official or governmental body and the alleged deprivation of Plaintiff's or Plaintiff's

decedent's civil or constitutional rights. No history of widespread abuse existed as of the date of the incident in question sufficient to put the governmental body or supervisory official on notice of a need to implement new policies or revise existing ones due to the likelihood of civil or constitutional violations.

22. Punitive damages are not available against Sheriff Gainey, and any claim for punitive damages should be stricken.

23. Should claims arising under Federal law be dismissed or resolved by dispositive motion, the Court will be devoid of an independent basis for the exercise of subject matter jurisdiction and the matter will be subject to dismissal.

24. Plaintiff's decedent did not request any reasonable accommodation or modification, and the need for such an accommodation or modification was not patently obvious to Sheriff Gainey through his employees.

25. Any accommodation or modification suggested by Plaintiff would create a fundamental alteration in the services provided by Sheriff Gainey, or would cause an undue financial and/or administrative burden on Sheriff Gainey to the extent that such accommodation or modification would be unreasonable.

THEREFORE, having answered Plaintiff's first amended complaint and having denied all liability thereunder, Emery A. Gainey, in his official capacity as Sheriff of Alachua County, Florida, respectfully prays judgment be entered in his favor and in the event it is not, the Sheriff hereby invokes his right to trial by jury.

Respectfully submitted,

*/s/ Matthew J. Carson*
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com
**MATTHEW J. CARSON**
Florida Bar No. 0827711
E-mail: mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
***Attorneys for Defendant***
***Sheriff Emery A. Gainey***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of November, 2023, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Northern District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Matthew J. Carson*
**MATTHEW J. CARSON**