UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO. 1:23-cv-63-AW-ZCB

DANIEL D. FINK, as Personal
Representative of the ESTATE OF CALEB
D. FINK, on behalf of the Estate and
survivors,

    Plaintiff,

v.

WELLPATH, LLC, a foreign limited
liability company, CLOVIS WATSON, JR.
in his official capacity as Sheriff of
Alachua County, Florida and WATSON W.
LOUIDOR, individually,

    Defendants.
_____/

## DEFENDANT, WATSON W. LOUIDOR'S, MOTION TO EXTEND THE DISCOVERY DEADLINE

COMES NOW the Defendant, Watson W. Louidor, by and through the undersigned attorney, and pursuant to this Court's Scheduling and Mediation Order, hereby files his Motion for Extension of Time to Complete Discovery. In support thereof, Mr. Louidor states the following:

1. On or about September 11, 2023, Plaintiff, Daniel D. Fink as Personal

CASE NO. 1:23-cv-63-AW-ZCB

Representative of the Estate of Caleb D. Fink, on behalf of the Estate and survivors, filed his Consented First Amended Complaint alleging that this Defendant and several others were deliberately indifferent to the Decedent's risk of self-harm which resulted in injuries, distress, and pain to the Decedent, according to the Complaint.[1]

2. On September 13, 2023, a Rule 26(f) scheduling conference occurred but did not include Mr. Louidor or his counsel. The Rule 26(f) conference report was filed on September 27, 2023.

3. On October 4, 2023, this Court entered its Scheduling and Mediation Order. Under the Court's Order, the deadline to complete discovery was April 26, 2024.

4. On October 9, 2023 Defendant Louidor was served with the First Amended Complaint.

5. On December 8, 2023 Defendant served discovery to Plaintiff.

6. Plaintiff objected to the discovery on formality grounds. As such, on February 15, 2024 Defendant re-served the discovery.

7. Plaintiff has not responded to the discovery served on February 15, 2024 to date.

8. The discovery deadline and subsequent Scheduling and Mediation Order is

---

[1] The Consent did not involve this Defendant.

CASE NO. 1:23-cv-63-AW-ZCB

unattainable and was entered without Mr. Louidor's involvement. All discovery would need to be completed in this complex wrongful death case within six (6) months of being served.

9. Despite diligence of Mr. Louidor's counsel in completing discovery, the current discovery deadline pursuant to the Scheduling and Mediation Order cannot be met.[2]

10. The deadline to complete discovery in this matter should be extended to allow additional time within which to conduct discovery and a new Scheduling and Mediation Order should be entered to reflect the discovery deadline extension. It is unfairly prejudicial to impose a six (6) month discovery deadline when the Defendant was not considered on these dates and Plaintiff still has not responded to discovery.

11. Counsel for Defendant confirmed by phone with Plaintiff's counsel on March 12, 2024 with regard to these issues and a resolution between the parties was not reached despite conferring in good faith.

12. WHEREFORE, Defendant, Watson W. Louidor, requests this Honorable

---

[2] Likewise, the trial of this action was set without consultation with this Defendant. Defendant reserves the right to seek a setting of a new trial date as needed.

CASE NO. 1:23-cv-63-AW-ZCB

Court to extend the discovery deadline to July 26, 2024 and to enter a new Scheduling and Mediation Order to reflect the new discovery deadline of July 26, 2024.

## MEMORANDUM OF LAW

### I. Legal Standard

Under Federal Rule of Civil Procedure 16(b)(4), a court may modify a scheduling order if good cause is shown and with the judge's consent. "Rule 16(a)'s good cause standard 'precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (*quoting Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

### II. Argument

There is good cause to extend the discovery deadline in this matter. First, this is the first request for an extension of this case.

Second, despite diligently proceeding with discovery, counsel for Mr. Louidor was not given the opportunity to participate in the Rule 26(f) conference and communicate that the dates provided were not reasonable, especially given the fact discovery in a complex, multi-party death case would conclude within six (6) months

of being served. The fact that Plaintiff has not yet responded to discovery likewise makes enforcement of this scheduling order unfairly prejudicial to this Defendant. Mr. Louidor was not served with Plaintiff's Complaint until October 9, 2023, almost one (1) month <u>after</u> the Rule 26(f) conference. Mr. Louidor had no opportunity to participate in this Rule 26(f) conference as he was not aware that he was named in this lawsuit at the time of the Rule 26(f) conference. Mr. Louidor similarly did not have an opportunity to raise any objections to the Rule 26(f) conference report prior to the Scheduling and Mediation Order's entry on October 4, 2023, because, again, he was not aware that he was a named party in this lawsuit at that time. Given the opportunity for involvement, counsel for Mr. Louidor would have expressed that the date selected for the discovery deadline was not realistic. In particular, depositions of Plaintiff, representatives of Wellpath, The Alachua County Jail, Mr. Watson, and many others will be needed.

Third, without the extension Mr. Louidor requests, counsel for Mr. Louidor may be unable to develop a full and complete record to allow the Court to reach a final, correct result.

Finally, extending the discovery deadline in the scheduling order will not unfairly prejudice Plaintiff.

CASE NO. 1:23-cv-63-AW-ZCB

For all these reasons, good cause warrants extending the discovery deadline in the Scheduling and Mediation Order to July 26, 2024.

## **LOCAL RULE 7.1(C) CERTIFICATION**

Defendant, Watson W. Louidor, pursuant to Local Rule 7.1(C), hereby certifies that his counsel has conferred in good faith with the opposing party. Counsel for Mr. Louidor conferred by phone with Plaintiff's counsel on March 12, 2024 with regard to these issues and the parties were unable to agree on a resolution to all or part of this Motion to Extend the Discovery Deadline.

Respectfully submitted,

*/s/ Richard E. Ramsey*

Richard E. Ramsey, Esquire (Florida Bar No. 715026)
RRamsey@WickerSmith.com
Edward C. Skorupa, Esquire (Florida Bar No. 1050759)
ESkorupa@WickerSmith.com
WICKER SMITH O'HARA
McCOY & FORD, P.A.
50 N. Laura St., Suite 2700
Jacksonville, FL  32202
Telephone:  (904) 355-0225
Facsimile:   (904) 355-0226
Attorneys for  Watson W. Louidor

CASE NO. 1:23-cv-63-AW-ZCB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 12, 2024, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_____
Edward C. Skorupa, Esquire

## SERVICE LIST

Orlando Sheppard, Esquire
Burns Sheppard Favors
VIA EMAIL: orlando@bsflegal.com
Purely Legal
2886 S Osceola Ave
Orlando, FL 32806-5431
Telephone: (833) 778-7359
Facsimile:
orlando@bsflegal.com

James L. Slater, Esquire
Slater & Wiggins
36402 US Highway 19 N
Palm Harbor, FL 34684
Telephone: (727) 787-7773
Facsimile: (727) 787-7668
james@slater.legal