UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DANIEL D. FINK,

    Plaintiff,

v.

EMERY A. GAINEY, *et al.*,

    Defendants.

Case No. 1:23-cv-63-AW-ZCB

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LOUIDOR'S MOTION TO MODIFY THE SCHEDULE

Prior to Defendant Louidor's involvement in the case, the parties asked the Court to modify its presumptive discovery deadline of January 29, 2024. [ECF No. 29]. Specifically, the parties requested an additional 90 days because of trial schedules. [ECF No. 44]. The Court approved this modification on October 4, 2023, approximately two weeks before Defendant Louidor appeared in this case. [ECF Nos. 47 & 51]. Since October 2023, Defendant Louidor has done essentially nothing. In December he issued impermissible discovery to Plaintiff—61 interrogatories. He withdrew those after being questioned by the undersigned and then only reissued written discovery on February 15, 2024. [*See* ECF No. 57]. The only other thing he has done is provide notice of his intent to issue subpoenas to third parties. His failure to engage in discovery does not satisfy the good cause standard required by Rule 16(b)(4). His lack of diligence dooms his motion, and it should be denied.

## Memorandum of Law

### I.     Legal Standard

Rule 16 grants district courts the power to police their dockets, including the imposition of deadlines. *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989). Under the Rule, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Harris v. Reverse Mortg. Solutions, Inc.*, 800 Fed. Appx. 708, 711 (11th Cir. 2020) (citing *Sosa v. Airprint Sys., Inc.*, 13 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted).

The Eleventh Circuit has considered several factors to establish a party's lack of diligence, including the month-long pendency of a motion for summary judgment before the filing of the motion to amend, *see Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir.2007), and the fact that the information providing the basis for the proposed amendment was available to the party before the deadline, *see id.*; *accord Sosa*, 133 F.3d at 1419. Only if litigants diligently pursue their rights but for reasons other than their own negligence cannot meet scheduling order deadlines, the court should exercise its discretion to modify its scheduling order. *Payne v. Ryder Sys.*, 173 F.R.D. 537, 539 (M.D. Fla. 1997).

## II. Discussion

As explained above, Defendant Louidor's arguments in his motion are unavailing. He complains that he did not get to participate in the Rule 26(f) conference, but the parties had already modified the schedule by three months past the presumptive discovery cutoff when they had their meeting. It was a month later that Defendant Louidor appeared. He has had the benefit of two months more than the traditional schedule set forth by the Court in its Initial Scheduling Order. During that time, Plaintiff has been diligent in seeking discovery from the defendants.

On the other hand, with that time Defendant Louidor has done almost nothing. He seemingly did not know when discovery ended, as he provided his deposition availability yesterday for the period of June through September 2024. As the Court knows, trial is scheduled for September. [ECF No. 47]. Yet he expects the Court to accommodate him despite his failure to litigate this case or calendar the trial deadlines. Indeed, this morning his counsel told Plaintiff's counsel that this case was not going to take priority over his other cases. The Court should decline Defendant Louidor's invitation to make a special exception to the Federal Rules of Civil Procedure to suit his schedule.

## Conclusion

For these reasons, the Court should deny Defendant Watson Louidor's motion. [ECF No. 57].

Dated: March 12, 2024

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
Slater Legal PLLC
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

Orlando Sheppard (FBN 118424)
Burns Sheppard Favors
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
orlando@bsflegal.com
Tel. (833) 778-7359

*Attorneys for Plaintiff*